IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

BILJANA MATIC,

    Plaintiff,

vs.

VIMA BEACH, LLC a Florida Limited
Liability Company, d/b/a Café Del Mar,
and LEONE PADULA, an individual,
jointly and severally,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, BILJANA MATIC, sues Defendants, VIMA BEACH, LLC, and LEONE PADULA, and shows:

### Introduction

1. This is an action by BILJANA MATIC against her former employers for unpaid minimum wages and retaliation pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 and 215. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

**Parties and General Allegations**

4. Plaintiff, BILJANA MATIC, (hereinafter "MATIC") a resident of Broward County, was at all times material, employed by VIMA BEACH, LLC, as a barista, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with VIMA BEACH, LLC, was engaged in commerce or in the production of goods for commerce. To wit: Plaintiff handled and sold goods that traveled in interstate commerce and regularly processed credit card and debit card transactions through telephone and internet channels involving local, out of state and foreign financial institutions.

5. Defendant, VIMA BEACH, LLC, d/b/a Café Del Mar, (hereinafter, "CAFÉ DEL MAR"), is a Florida Limited Liability Company doing business in Broward County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206, in the restaurant where MATIC was employed.

6. Defendant, LEONE PADULA (hereinafter "PADULA"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant CAFÉ DEL MAR.

7. Defendant PADULA acted and acts directly in the interests of Defendant CAFÉ DEL MAR, in relation to its employees by hiring, firing, scheduling, setting pay, and otherwise controlling the terms of conditions of CAFÉ DEL MAR's employees. Thus, PADULA was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

**Count I – Violation of FLSA by CAFÉ DEL MAR – Unpaid Minimum Wages**

8. Plaintiff, BILJANA MATIC, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

9. MATIC worked for CAFÉ DEL MAR from January 29, 2019 to February 27, 2019 and utilized Defendants' computerized time keeping application as part of its point of sale system, where she would clock in to start her shift and clock out at the conclusion of her shift.

10. Specifically, MATIC worked the following workweeks and specific days and times as indicated by the detailed time records below for a total of 117.33 hours:

   a. Tuesday, January 29, 2019 from 3:56AM to 9:31PM for      5.58 hours
      Wednesday, January 30, 2019 from 5:58AM to 2:30PM for    8.53 hours
      Thursday, January 31, 2019 from 5:47AM to 2:20PM for     8.55 hours
      **Total Hours**                                          **22.67 hours**

   b. Tuesday, February 5, 2019 from 2:00PM to 10:01PM for     8.02 hours
      Wednesday, February 6, 2019 from 5:59AM to 2:12PM for    8.22 hours
      Thursday, February 7, 2019 from 6:02AM to 2:32PM for     8.50 hours
      **Total Hours**                                          **24.73 hours**

   c. Tuesday, February 12, 2019 from 6:10AM to 2:13PM for     8.05 hours
      Wednesday, February 13, 2019 from 5:58AM to 2:23PM for   8.42 hours
      Thursday, February 14, 2019 from 6:04AM to 11:54AM for   5.83 hours
      Friday, February 15, 2019 from 6:05AM to 12:28PM for     6.38 hours
      **Total Hours**                                          **28.68 hours**

   d. Tuesday, February 19, 2019 from 6:01AM to 2:13PM for     8.20 hours
      Wednesday, February 20, 2019 from 6:04AM to 2:20PM for   8.27 hours
      Thursday, February 21, 2019 from 6:01AM to 2:17PM for    8.27 hours
      **Total Hours**                                          **24.73 hours**

   e. Tuesday, February 26, 2019 from 5:58AM to 2:12PM for     8.23 hours
      Wednesday, February 27, 2019 from 6:04AM to 2:21PM for   8.28 hours
      **Total Hours**                                          **16.52 hours**

11. Despite working a total of 117.33 hours of time from January 29, 2019 to February 27, 2019, and after numerous requests for payment from CAFÉ DEL MAR's management employees, CAFÉ DEL MAR failed to pay MATIC any wages whatsoever.

12. The failure to pay minimum wage compensation to MATIC is unlawful in that she was not exempted from the minimum wage requirements of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

13. CAFÉ DEL MAR's and PADULA's actions were willful and purposeful as both were well aware of the Fair Labor Standards Act and the hours that MATIC worked, but chose not to pay her in accordance with the Act.

14. MATIC is entitled pursuant to 29 U.S.C. § 216(b), to recover from CAFÉ DEL MAR:

   a. All unpaid minimum wages that are due;

   b. As liquidated damages, an amount equal to the unpaid minimum wages owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE Plaintiff, BILJANA MATIC, prays that this court will grant judgment against Defendant CAFÉ DEL MAR:

   a. awarding MATIC payment of minimum wages found by the court to be due to her under the Act, including pre-judgment interest;

   b. awarding MATIC an additional equal amount as liquidated damages;

   c. awarding MATIC her costs, including a reasonable attorney's fee; and

   d. granting such other and further relief as is just.

### Count II – Violation of FLSA by PADULA – Unpaid Minimum Wages

15. Plaintiff, BILJANA MATIC, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 13 above.

16. MATIC is entitled pursuant to 29 U.S.C. § 216(b), to recover from PADULA:

      a.     All unpaid minimum wages that are due;

      b.     As liquidated damages, an amount equal to the unpaid minimum wages owed;

      c.     The costs of this action, and;

      d.     A reasonable attorney's fee.

WHEREFORE Plaintiff, BILJANA MATIC, prays that this court will grant judgment against Defendant PADULA:

      a.     awarding MATIC payment of overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;

      b.     awarding MATIC an additional equal amount as liquidated damages;

      c.     awarding MATIC her costs, including a reasonable attorney's fee; and

      d.     granting such other and further relief as is just.

### Count III –Violation of FLSA by CAFÉ DEL MAR – Retaliation

17. Plaintiff realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 13 above.

18. On at least eight (8) instances, Plaintiff complained about not receiving her pay checks.

19. As a result of Plaintiff's complaints about not receiving her pay checks, Defendant removed Plaintiff from the work schedule.

20. After Plaintiff discovered she was removed from the work schedule, she contacted Defendant's manager and requested an explanation. Defendant's manager failed to provide the Plaintiff any explanation or justification for removing her from the work schedule.

21. As a result of Plaintiff's complaints about not receiving her pay, Defendant, by removing Plaintiff from the work schedule, effectively discharged her from her employment.

22. Defendant's actions as more particularly described above were directly related to and in response to Plaintiff's complaint about working without compensation.

23. Plaintiff's complaints about her unpaid hours, and thus resulting in Plaintiff receiving less than the federal and Florida minimum wage, constitute statutorily protected conduct under Section 15(a)(3) of the FLSA.

24. Defendant's adverse treatment of terminating Plaintiff's employment and/or removing her from the work schedule was pre-textual and a direct result of Plaintiff's opposition to Defendant's illegal pay practices.

25. The conduct more specifically alleged above violated Plaintiff's rights against retaliation for opposing unlawful employment actions, which retaliation is proscribed by the FLSA.

26. MATIC is entitled pursuant to 29 U.S.C. § 216(b), to recover from CAFÉ DEL MAR:

    a. All lost wages that are due, including pre-judgment interest;

    b. As liquidated damages, an amount equal to lost wages;

    c. Reinstatement and restoration of her employment, or front pay in the alternative;

    d. Compensatory damages that include emotional pain and suffering;

    e. The costs of this action, and;

    f. A reasonable attorney's fee.

WHEREFORE Plaintiff, BILJANA MATIC, prays that this court will grant judgment against CAFÉ DEL MAR:

    a. awarding Plaintiff all lost wages found by the court to be due to her, including pre-judgment interest;

    b. awarding Plaintiff payment of liquidated damages in an amount equal to the lost wages due to her;

      c.    awarding front pay in lieu of reinstatement;

      d.    awarding Plaintiff her costs, including a reasonable attorney's fee; and

      e.    granting such other and further relief as is just.

### Count IV – Violation of FLSA by LEONE PADULA – Retaliation

27. Plaintiff realleges, as if fully set forth in Count IV, the allegations of Paragraphs 1 through 13 and 17 through 26 above.

28. MATIC is entitled pursuant to 29 U.S.C. § 216(b), to recover from PADULA:

    a.    All lost wages that are due, including pre-judgment interest;

    b.    As liquidated damages, an amount equal to lost wages;

    c.    Reinstatement and restoration of her employment, or front pay in the alternative;

    d.    Compensatory damages that include emotional pain and suffering;

    e.    The costs of this action, and;

    f.    A reasonable attorney's fee.

WHEREFORE Plaintiff, BILJANA MATIC, prays that this court will grant judgment against PADULA:

    a.    awarding Plaintiff all lost wages found by the court to be due to her, including pre-judgment interest;

    b.    awarding Plaintiff payment of liquidated damages in an amount equal to the lost wages due to her;

    c.    awarding front pay in lieu of reinstatement;

    d.    awarding Plaintiff her costs, including a reasonable attorney's fee; and

    e.    granting such other and further relief as is just.

**Jury Demand**

Plaintiff demands trial by jury on all issues so triable.

Dated: April 30, 2019
Plantation, Florida

                                              Respectfully submitted,

                                              /s/***Robert S. Norell***
                                              Robert S. Norell, Esq. (Fla. Bar No. 996777)
                                              E-Mail: rob@floridawagelaw.com
                                              **ROBERT S. NORELL, P.A.**
                                              300 NW 70th Avenue
                                              Suite 305
                                              Plantation, Florida 33317
                                              Telephone: (954) 617-6017
                                              Facsimile: (954) 617-6018
                                              *Counsel for Plaintiff BILJANA MATIC*